UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE LOPEZ-VALENCIA,<br>Plaintiff,<br>v.<br>WARDEN,<br>Defendant. | Case No. 26-cv-14196-JST<br><br>**ORDER OF TRANSFER TO EASTERN DISTRICT OF CALIFORNIA** |

Petitioner, a federal detainee, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the Court ORDERS that this petition be transferred to the Eastern District of California.

Petitioner is confined at the California City Immigration Processing Center in California City, California, which is located in the Eastern District of California. Petitioner appears to have mistakenly filed his petition in this district and it appears that he intended to file in the Eastern District of California. The header on his petition specifies the Eastern District of California, ECF No. 1 at 1, and, in the body of his petition, he states that he is housed in the Eastern District of California and that venue is appropriate there, ECF No. 1 at 1-2. Petitioner has named as respondent the Warden of California City Immigration Processing Center.

The Eastern District of California is the proper venue for this action. In *Doe v. Garland*, 109 F.4th 1188 (9th Cir. 2024), the Ninth Circuit held that that the proper respondent for a Section 2241 petition is the warden of the facility where the detainee is being held. *Doe*, 109 F.4th at 1198 (Section 2241 "jurisdiction lies in only one district: the district of confinement"). Under *Doe*, this court lacks jurisdiction over Petitioner's § 2241 petition. The only district that has jurisdiction over this petition is the Eastern District of California, where the California City

United States District Court
Northern District of California

Immigration Processing Center is located and where Petitioner is currently confined.

Where a case is filed in the wrong division or district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *See* 28 U.S.C. § 1406(a). Petitioner could have filed this action in the Eastern District as the only district that has jurisdiction over his § 2241 petition. Accordingly, the Court finds that the interests of justice are best served by ordering the immediate transfer of this case to the Eastern District of California. The Clerk is directed to TRANSFER this case to the United States District Court for the Eastern District of California, *see* 28 U.S.C. § 1406(a) and directed to close this case.

**IT IS SO ORDERED.**

Dated: November 23, 2026

JON S. TIGAR
United States District Judge